IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MATTHEW BYRD,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.  3:21-00404
CRIMINAL ACTION NO.  3:19-00080

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Matthew Ryan Byrd's pro se Motion to Expedite Consideration/Motion to Withdraw Magistrate Judge Tinsley. ECF No. 151.

On July 19, 2021, Mr. Byrd filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 146. The case was assigned to this Court on the same day. On July 21, 2021, pursuant to its Standing Order, this Court referred the matter to Magistrate Judge Tinsley for Findings of Fact and Recommendations. ECF No. 148.

Mr. Byrd first argues that his Section 2255 claims should be before the district judge who decided his related criminal case. Mot. 2. There is no basis to withdraw the referral of the case on these grounds. In this Court, habeas proceedings for all persons, proceeding pro se or with counsel pursuant to 28 U.S.C. § 2255, are referred by standing order to a magistrate judge. This is authroized pursuant to Local Rule of Civil Procedure 72.1, which specifies that a magistrate judge "[is] authorized to perform the duties imposed upon district judges by… Rules of Proceedings Under 28 U.S.C. § 2255, in accordance with Rule 10 of those Rules and 28 U.S.C. § 636." LR Civ

P 72.1. Given this background, there are no cognizable grounds for withdrawal, and so the Motion to Withdraw Magistrate Judge Tinsley is **DENIED.**

Mr. Byrd additionally argues that Magistrate Judge Tinsley abandoned his case from July 19, 2021, to September 6, 2021, that the case should be expedited because prosecutor overreach on a gun charge is the only thing subjecting him to additional prison time, and that his due process rights have been violated by this delay. Mot. 2. However, there has been no inordinate delay on the part of the Magistrate Judge. In determining whether a delay is inordinate, courts often look to the length of the delay at issue. At the time of filing, there had been approximately seven weeks between consideration of the order and the instant motion. Generally, courts only find an inordinate delay after long periods of time have passed. *See Morgan v. Francis*, No. 5:18-01359, 2019 WL 2866721 at *6 (S.D.W. Va. May 31, 2019) (collecting cases), *report and recommendation adopted by* 2019 WL 2866088 (S.D.W. Va. July 2, 2019). The circumstances in this case do not rise to the level of inordinate delay, and so do not violate Defendant's due process rights; nor does the allegation of prosecutor overreach support a finding that the case should be expedited. Accordingly, the Motion to Expedite is also **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Tinsley, the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:    October 21, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE