## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

MATHEW BYRD

        Mr. Byrd,

v.                                   CRIMINAL ACTION NO.   3:19-00080
                                        CIVIL ACTION NO. 3:21-00404

UNITED STATES OF AMERICA,

        Respondent.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Matthew Byrd's pro se Amended Objections to Proposed Findings and Recommendations. ECF No. 205. For the following reasons, the Objection is **DENIED**. The Court **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations ("PF&R"). ECF No. 195.

### I. BACKGROUND

Between January 25th and 31st 2019, Mr. Byrd sold a total of 20 grams of heroin to a confidential informant in three controlled buys at a residence in St. Albans, West Virginia. Police officers conducted surveillance on the residence and, on February 5, 2019, executed a search warrant. Davis Aff., ECF No. 3-1 at 6. Officers recovered 254 grams of tar heroin, $10,374 in United States currency, digital scales, a money counter, and a Ruger .380 LCP II handgun. *Id.*; Plea Hr'g Tr., ECF No. 87 at 13. The handgun was in a bedroom dresser drawer in close proximity to the heroin and currency. Davis Aff. at 6. On February 15, 2019, Mr. Byrd was charged with violating 1 U.S.C. § 841(a)(1) in a criminal complaint. ECF No. 3. On March 19, 2019, a federal

grand jury issued a five-count indictment against Mr. Byrd: three counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) (Counts One, Two, and Three), one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count Four), and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Five). ECF No. 20. Mr. Byrd was represented by retained counsel, Mr. R. Lee Booten II, throughout the district court proceedings.

On July 28, 2019, Mr. Byrd pled guilty to Counts Three and Five without a plea agreement. ECF No. 53. During the plea hearing, the Court conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Plea Hr'g Tr., ECF No. 87. This included receiving evidence proffered by the government as to Mr. Byrd's guilt, as well as asking Mr. Byrd for his own factual basis for the guilty pleas. *Id*. Relevant to Mr. Byrd's objections to the PF&R, the Court engaged in the following discussion with Mr. Byrd concerning the firearm found in the residence:

> THE COURT: All right. Now let's turn to Count Five. There you're charged with violating Section 924. That law says: Any person who, during and in relation to any crime of violence or drug trafficking crime for which the person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm shall be guilty of another crime against the United States.
>
> As to Count Five, the government would have to prove beyond a reasonable doubt these elements: First, that you committed a drug trafficking crime for which you may be prosecuted in a court of the United States, such as the one you just admitted in Count Three; and, second, during and in relation to the commission of that crime, you knowingly used or carried a firearm or, in furtherance of such crime, possessed a firearm.. . .
>
> THE COURT: So considering this explanation, do you believe you're guilty of Count Five?
>
> DEFENDANT: Yes, Your Honor.
>
> THE COURT: Tell me what you did that makes you guilty of this.

DEFENDANT: On February the 5th, the police came to my house, and I had drugs in one room and a gun in another room. And that's basically it.

THE COURT: All right. Were you in possession of drugs that you intended to sell or distribute?

DEFENDANT: Yes.

THE COURT: All right. Is one of the reasons you had a firearm the fact that you had illegal drugs that you would want to protect?

DEFENDANT: Yes.

THE COURT: So you possessed this firearm at least partly because you knew you were storing drugs in this residence, and that you might need protection of either you or the drugs?

DEFENDANT: Yes.

Plea Hr'g Tr. at 8-12.

Additionally, the government offered the testimony of West Virginia State Police Sergeant L.J. Deskins, who was present during the execution of the search warrant. Sergeant Deskins testified that the .380 Ruger firearm was found in a dresser in the bedroom, and that on top of the dresser was $1,374 in U.S. currency bound in rubber bands. *Id*. at 12. In a closet adjacent to the bedroom, officers found 254 grams of tar heroin and an additional $9,000 in currency, some of which had been previously recorded and used in a controlled buy. *Id*. at 13.

At sentencing, on February 3, 2020, the Court adopted the Presentence Investigation Report's ("PSR") calculated recommendations under the United States Sentencing Guidelines ("U.S.S.G.") and found that Mr. Byrd had a total offense level of 21 and a Criminal History Category of III. Sentencing Hr'g Tr., ECF No. 88 at 5-6. When offered the opportunity to speak prior to sentencing, Mr. Byrd apologized to his family, expressed dissatisfaction with his attorney, and stated: "You know, all the research I've done, it's not really a 924(c). I'm not denying my conduct in any sort of way, but I really feel had I known what I know now, I would, you know, really change -- change

things. But I can't go back, and I just want to apologize once again." *Id*. at 10. In response to this opaque challenge to his plea, the Court discussed the severity of Mr. Byrd's crimes and the depth of the evidence the government had provided against him. *Id*. at 10-13. Concerning the plea to § 924(c), the Court said:

> "As far as the gun, federal law makes clear that the presence, the mere presence of a firearm around drugs and the indicia of drug dealing is enough for a court to find, as you have admitted, that the person used the firearm in the commission of the offense. Undoubtedly when people have a large amount of drugs, conduct drug transactions, keep a large amount of cash, they feel the need to have the protection of a firearm. That is evident here as well." *Id*. at 12-13.

The Court also noted that, as Mr. Byrd had a prior felony conviction, the government could choose to charge him as a felon in possession of a firearm. *Id*. The Court ultimately denied Mr. Byrd's motion for a downward variance and sentenced him to a 46-month term of imprisonment for the drug conviction and a consecutive 60-month term for the firearm offense, for a total sentence of 106 months imprisonment. *Id*. at 14.

Since the time of his sentencing, Mr. Byrd has instituted a variety of proceedings challenging his conviction and incarceration. On January 7, 2021, the Fourth Circuit denied his direct appeal in an unpublished per curiam opinion. *United States v. Byrd*, No. 20-4116, 848 F. App'x 762 (4th Cir. Jan. 7, 2021). On April 19, 2021, the Supreme Court denied Mr. Byrd's petition for a writ of certiorari, rendering his judgment final. *Byrd v. United States*, No. 20-7524, 141 S. Ct. 2549 (U.S. Apr. 19, 2021).

On July 19, 2021, Mr. Byrd filed the instant 28 U.S.C. § 2255 motion raising various claims of ineffective assistance of counsel, including that Mr. Booten should have filed a motion to suppress evidence seized at the residence, requested a mental health evaluation for Mr. Byrd, and challenged the factual basis for Mr. Byrd's § 924(c) conviction. Def.'s Mot., ECF No. 146 at 5. Mr. Byrd further asserted that the Court abused its discretion in accepting his plea as the

§ 924(c) conviction, as the Government failed to demonstrate "active employment" of the firearm and that he did not understand the elements of the offense at the time of his plea. *Id.* at 8. The Magistrate Judge submitted a PF&R on June 23, 2022, which recommended denying all of Mr. Byrd's claims. PF&R at 25. Mr. Byrd timely filed objections to the PF&R on July 29, 2022, after motioning for and receiving an extension. ECF Nos. 199, 200, & 201. Mr. Byrd then motioned to amend his objections and was granted leave to do so. ECF Nos. 202 & 203. Mr. Byrd's final Amended Objections to the PF&R were filed on September 2, 2022. ECF No. 205. In the Amended Objections, Mr. Byrd only challenges the PF&R's findings concerning the § 924(c) conviction. *Id.*

## II. LEGAL STANDARD

Where a party is proceeding *pro se*, the Court will liberally construe his pleadings and objections. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In reviewing objections to a PF&R, the Court must conduct a *de novo* review of those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). On the other hand, the Court is not obligated to conduct a review of factual and legal conclusions to which a party does *not* object. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor is the Court tasked with conducting *de novo* review of "general and conclusory" objections; instead, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). Finally, the Court possesses the wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C.

§ 636(b)(1)(C). With this framework in mind, the Court turns to a consideration of Mr. Byrd's pending objections.

## III. ANALYSIS

As a preliminary matter, the Court finds that Mr. Byrd's Amended Objections only address the PF&R's findings concerning his § 924(c) conviction. Accordingly, Mr. Byrd has waived his right to *de novo* review by this Court and appellate review by the Circuit Court of Appeals on the other findings of the PF&R. *See Snyder v. Ridenour*, 889 F.2d 1363, 1365-66 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985).

Mr. Byrd objects to the PF&R's analysis of his claims concerning his § 924(c) conviction: that his guilty plea was invalid, and that Mr. Booten provided ineffective assistance of counsel during the plea process concerning the § 924(c) conviction. *See* Am. Objection at 1. Mr. Byrd objects to the PF&R's application of the factors established by the Fourth Circuit in *United States v. Lomax*, 293 F.3d 701 (4th Cir. 2002). *Id*. at 1-2.[1] Furthermore, Mr. Byrd argues at length that his case is analogous to *United States v. Maye*, 582 F.3d 622 (6th Cir. 2009). *Id*. at 3-5. Finally, Mr. Byrd maintains that either the sentencing enhancement in Section 2D1.1(b)(1) of the U.S.S.G. (concerning possession of a weapon during a drug trafficking offense) or 18 U.S.C. § 922(g) (felon in possession of a firearm) should be applied to him instead of his conviction under § 924(c). *Id*. at 5-6.

---

[1] In fact, Mr. Byrd asserts that the *Lomax* factors were not applied at all to his case by the Magistrate Judge. Am. Objections at 2. This is false. PF&R at 14. The Magistrate Judge listed and applied the factors. *Id*. at 14-15. Perhaps Mr. Byrd was confused by the fact that the Magistrate Judge did not number the factors, as Mr. Byrd has repeatedly done, and merely listed them in an in-line quotation. *See id*.; Am. Objections at 1-2.

In *Strickland v. Washington*, the Supreme Court adopted a two-prong test to determine whether a defendant received ineffective assistance of counsel in violation of their Sixth Amendment rights. 466 U.S. 668 (1984). Defendants must demonstrate (1) that representation fell below an objective standard of reasonableness, and (2) that the defendant was actually prejudiced by counsel's errors. *Id*. at 687. In assessing competence, there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. The question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment, calling the fundamental fairness of the trial into doubt. *Harrington v. Richter*, 562 U.S. 86, 110 (2011). In determining prejudice, the defendant must show that but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 697. The Supreme Court has held that the *Strickland* standard applies to challenges to guilty pleas based on ineffective assistance of counsel, such as the instant case. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Courts may consider either prong first in determining whether *Strickland* applies. 466 U.S. at 697. As the PF&R primarily considered the issue of prejudice to Mr. Byrd, this Court will do the same in analyzing his objections to the PF&R. *See* PF&R at 12-16.

Mr. Byrd has claimed that Mr. Booten failed to properly communicate or understand the elements of § 924(c), such that Mr. Byrd did not realize the lack of a factual basis for his plea. Am. Objections at 5. Mr. Byrd asserts this rendered his plea unknowing and involuntary, and thus prejudiced him. *Id*. However, this Court agrees with and adopts the PF&R findings: Mr. Byrd admitted a sufficient factual basis for his plea on the record during the plea colloquy such that any ineffective communication by counsel was non-prejudicial. *See* PF&R at 16. As stated in the PF&R, the Fourth Circuit has held that a defendant's statements made under oath during a Rule

11 plea colloquy carry such a strong presumption of verity that "they present a formidable barrier in any subsequent collateral proceedings." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citing *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004)). Allegations in a § 2255 motion that directly contradict a defendant's sworn statements made during a Rule 11 colloquy are considered "palpably incredible" and "patently frivolous or false." *Id*. At the plea hearing, Mr. Byrd gave sworn responses to the Court indicating that he understood the charges to which he was pleading, was satisfied with his counsel's assistance, and that there was a sufficient factual basis for the § 924(c) conviction. The Court agrees with the PF&R finding that Mr. Byrd therefore was not prejudiced by any negligence on Mr. Booten's part. *See* PF&R at 16.

Although the Sixth Circuit's decision in *United States v. Maye* is not controlling, the Court will address Mr. Byrd's lengthy argument concerning the relevance of that case to his § 924(c) conviction. *See* Am. Objections at 3-5. In *Maye*, the Sixth Circuit found that the District Court "expressed a mistaken understanding that a section 924(c) conviction for possession of a firearm in furtherance of a drug-trafficking offense could be established simply by evidence that a gun was present on the premises where a drug sale occurred." *Maye*, 582 F.3d at 630. Consequently, the *Maye* Court found that the District Court had committed plain error in failing to establish the factual basis for the defendant's conviction as required in Rule 11 of the Federal Rules of Criminal Procedure. *Id*.

Upon review, the Court finds that while *Maye* presents factual similarities to the instant case, it is inapposite on the issue of whether the Court properly determined that a factual basis existed for Mr. Byrd's plea. In both cases, the defendants were arrested for drug trafficking offenses following a controlled buy and execution of a search warrant in which a firearm was discovered in the vicinity of drug accoutrement inside a residence. *Maye*, 582 F.3d at 224-25.

However, in *Maye*, the District Court did not determine a factual basis for the defendant's guilt under the § 924(c) standard during the Rule 11 colloquy. *Id*. at 627. During this colloquy, the District Court confirmed only that the firearm in *Maye* "was displayed in close proximity to the drug transaction." *Id*. Furthermore, at sentencing, the District Court in *Maye* stated that the defendant "had [the firearm,] and that was sufficient" for a § 924(c) conviction. *Id*. at 628. These statements improperly expressed the elements of § 924(c), which requires that the government show that the firearm "furthered, advanced, or helped forward a drug trafficking crime." *Lomax*, 293 F.3d at 705.

Contrast with the instant case, in which the Court not only outlined the elements of § 924(c) during the plea colloquy, but also ensured that an underlying factual basis existed to support the proposition that the firearm "furthered, advanced, or helped forward" Mr. Byrd's drug offense. Plea Hr'g Tr. at 8-12. During this colloquy, Mr. Byrd confirmed first that "one of the reasons [he] had a firearm [was] the fact that [he] had illegal drugs that [he] would want to protect" and second that he "possessed this firearm at least partly because [he] knew [he was] storing drugs in this residence, and that [he] might need protection of either [himself] or the drugs." *Id*. The Fourth Circuit has stated that the elements of § 924(c) and the factors outlined in *Lomax* can be met by possession of a firearm with the understanding that it "could provide a defense against someone trying to steal drugs or drug profits, or it might lessen the chance that a robbery would even be attempted." *Lomax*, 293 F.3d at 705; *see United States v. Jeffers*, 570 F.3d 557, 565 (4th Cir. 2009) (conviction appropriate when based in part on the fact that defendant "made it known to his coconspirators that he possessed numerous firearms, apparently to prevent robberies."). The Court confirmed that this rationale applied to Mr. Byrd's possession of the firearm during the plea colloquy. Plea Hr'g Tr. at 8-12.

Ignoring the plea colloquy, Mr. Byrd objects strenuously to the Court's statement at sentencing that "the mere presence of a firearm around drugs and the indicia of drug dealing is enough for a court to find, as you have admitted, that the person used the firearm in the commission of the offense." Sentencing Transcript at 12-13; Am. Objections at 3. However, in doing so, Mr. Byrd ignores the later half of the Court's statement: "Undoubtedly when people have a large amount of drugs, conduct drug transactions, keep a large amount of cash, they feel the need to have the protection of a firearm. That is evident here as well." *Id*. This mirrors the statement of law in *Lomax* that facts surrounding possession of a firearm were sufficient to support a § 924(c) conviction when the firearm "could provide a defense against someone trying to steal drugs or drug profits, or …. lessen the chance that a robbery would even be attempted." 293 F.3d at 705. As such, both the Court and Mr. Byrd were properly informed of the factual basis of his § 924(c) conviction at the time of sentencing, as well as at the time of the plea hearing.

Mr. Byrd has objected to the PF&R application of the *Lomax* factors to his case. Am. Objection at 1-2. While the Court has already found above that Mr. Byrd plead on the record to facts sufficient to support his § 924(c) conviction under *Lomax*, this opinion will now walk Mr. Byrd through the *Lomax* factors to ensure his understanding of the reality of his guilt. *Lomax* established eight inexhaustive factors which courts may consider when determining whether a firearm "furthered, advanced, or helped forward" a drug crime under § 924(c):

[1] The type of drug activity that is being conducted,
[2] Accessibility of the firearm,
[3] The type of weapon,
[4] Whether the weapon is stolen,
[5] The status of possession (legitimate or illegal),
[6] Whether the gun is loaded,
[7] Proximity to drugs or drug profits, and
[8] The time and circumstances under which the gun is found.

-10-

293 F.3d at 705 (internal quotation marks and citations omitted). No one factor is either mandatory or dispositive. *Id*. The *Lomax* Court noted that "[w]hen making this factual determination, the fact finder is free to consider the numerous ways in which a firearm might further or advance drug trafficking." *Id*.; *see also United States v. Partman*, 568 Fed. App'x 205, 211 (4th Cir. 2014) (discussing the flexibility of the *Lomax* factors).

Here, the firearm was found in close proximity to both drugs and drug profits: it was located in a dresser which had $1,374 in U.S. currency on it, near a closet containing 254 grams of heroin and an additional $9,000 in currency, some of which had been previously used in a controlled buy. Plea Hr'g Tr. at 12-13. This proximity to significant quantities of heroin and currency shows that the firearm was readily accessible were the drugs or profits to be threatened. In his Amended Objections, Mr. Byrd claims that the firearm was too far from the closet to establish accessibility under *Lomax*. Am. Objections at 2. However, this conveniently ignores the fact that the weapon was in the same piece of furniture as likely drug profits, adjacent to the closet containing greater profits and heroin. Plea Hr'g Tr. at 12-13.

Furthermore, Mr. Byrd's possession of that firearm was very likely illegitimate, due to his prior felony conviction. Sentencing Hr'g Tr. at 13. It is true that the weapon was unloaded, and that it was not used during the controlled buys, but it need not be to establish guilt under *Lomax* and § 924(c). *See, e.g.*, *Jeffers*, 570 F.3d at 565. Additionally, the type of drug activity conducted weighs in favor of finding Mr. Byrd's guilt; the Court noted that the quantity of heroin was one of the largest recovered in the District, and that Mr. Byrd was engaged in substantial trafficking operations. Sentencing Hr'g Tr. at 11-12. Taken as whole, applying the *Lomax* factors would support finding Mr. Byrd guilty of § 924(c) even if he had not affirmatively plead to the elements of the offense under oath. *See also United States v. Milbourne*, 129 Fed. App'x 861, at *5-6 (4th

Cir. 2005) (finding sufficient factual basis for § 924(c) under *Lomax*, where significantly less marijuana was found and the firearm was less accessible than here). The Court finds this is further evidence of a lack of prejudice to Mr. Byrd under *Strickland*.

Finally, Mr. Byrd has asked for either the sentencing enhancement in Section 2D1.1(b)(1) of the U.S.S.G. or 18 U.S.C. § 922(g) to be applied to him in lieu of his conviction under § 924(c). Am. Objections at 5-6. First, this request is not a proper objection to the PF&R. More fundamentally, this misunderstands the role of the Court; the Court cannot substitute one set of charges brought by the Government for another post-conviction. As noted by the Court during the sentencing hearing, the Government could have charged Mr. Byrd as a felon in possession under § 922(g). Sentencing Hr'g Tr. at 13. However, prosecutorial discretion allows for the Government to choose which charges to bring against a defendant, and the Court generally cannot question exercise of that discretion. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [their] discretion."). Nor can the Court substitute in a different section of the U.S.S.G. post-sentencing, where the issue was raised in objections to a PF&R. Additionally, the Court notes that Mr. Byrd stated under oath that he read and understood the sentencing calculation at his sentencing hearing and did not raise this objection at that point in time. Sentencing Hr'g Tr. at 4.

To the extent Mr. Byrd is alleging that the application of § 924(c) to his case rather than § 922(g) or 2D1.1(b)(1) was the result of ineffective assistance of counsel, the Court cannot find that Mr. Booten had the authority to direct the prosecution. Nor can the Court find that Mr. Byrd was not factually guilty of § 924(c), based on his plea and supporting evidence, regardless of the

potential applicability of § 922(g) or 2D1.1(b)(1). Therefore, any additional charges that could have been brought against Mr. Byrd are irrelevant to the performance of his counsel with regards to prejudice in the application of § 924(c).

## IV. CONCLUSION

For the reasons stated, the Court **DENIES** Mr. Byrd's Objection, ECF No. 205, and **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations. ECF No. 195. The Court further **DISMISSES** Mr. Byrd's § 2255 Motion. ECF No. 146. As a final matter, the Court **ORDERS** this case stricken from its docket.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, as well as to any unrepresented parties.

ENTER: September 30, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE